IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00031-MR

| | |
|---|---|
| ROBERT ALLEN BARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending is Plaintiff's Letter, which the Court construes as a motion for the appointment of counsel. [Doc. 12]. Plaintiff is proceeding *in forma pauperis*. [See Doc. 11].

## I. BACKGROUND

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Caldwell County Correctional Institution.[1] Plaintiff names as Defendants: North Carolina Department of Public Safety (NCDPS); "co-staff at Caldwell

---

[1] Plaintiff filed this action while he was incarcerated at Scotland C.I. Subsequent to the filing of this action, he was released from prison.

Co. prison"; "Medical Staff at Caldwell Co. prison"; and "Worker's Compensation Staff." [Doc. 1 at 2-3].

In his Complaint, Plaintiff alleges that on April 3, 2017, another inmate failed to post "wet floor" signs while mopping the Caldwell C.I. kitchen, where Plaintiff was working at the time. Plaintiff alleges that he slipped and fell as a result, injuring his wrist and hand. Plaintiff asserts "medical negligence" against "Medical staff" for failing to adequately treat his wrist and hand, and for misreading x-rays. [Doc. 1 at 5]. He also asserts "general negligence" against NCDPS and "state employees." [Id.].

Plaintiff seeks damages, "time served in prison," and "money under the worker's compensation…." [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, Plaintiff has failed to identify any defendant against whom a § 1983 claim can proceed. "[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiff must set forth factual allegations against specific persons, not general groups of people, in order

3

to state a claim. See generally Fed. R. Civ. P. 8(a)(2) (a short and plain statement of the claim is required).

Further, Plaintiff attempts to base his claims on allegations of negligence. Section 1983 protects against intentional violations of federal constitutional or statutory rights. Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard – a showing of mere negligence will not meet it.").

To the extent that Plaintiff attempts to challenge the North Carolina Industrial Commission's denial of his worker's compensation claims,[2] such a

---

[2] To the extent that Plaintiff may be asking this Court to review the North Carolina Industrial Commission's denial of his worker's compensation claims, it appears that the Court lacks jurisdiction to do so pursuant to the Rooker-Feldman doctrine, which prohibits "a party losing in state court … from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994); see generally Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). As decisions of the North Carolina Industrial Commission "qualify as judicial actions as opposed to administrative or ministerial processes," its decisions fall within the scope of the Rooker-Feldman doctrine. See Allstate Ins. Co. v. W. Va. State Bar, 233 F.3d 813, 817 (4th Cir. 2000); see, e.g., Harris v. Hedrick, 2014 WL 5335933 (Oct. 20, 2014) (dismissing a *pro se* prisoner's § 1983 claim challenging a decision of the North Carolina Industrial Commission on initial review pursuant to Rooker-Feldman), aff'd, 602 F. App'x 124 (4th Cir. 2015); Bey v. North Carolina, 2010 WL 4117393, at *1 (E.D.N.C. Oct. 18, 2010), aff'd, 411 F. App'x 643 (4th Cir. 2011) (granting motion to dismiss plaintiff's complaint that sought review of the North Carolina Industrial Commission's dismissal of

4

Case 5:20-cv-00031-MR   Document 13   Filed 08/25/20   Page 4 of 6

challenge is not cognizable under § 1983 because it does not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see Johnson v. First Union Corp., 504 S.E.2d 808, 810, 131 N.C.App. 142, 145 (N.C. Ct. App. 1998) (the North Carolina Worker's Compensation Act provides the exclusive remedy for work-related injuries); Bowden v. Young, 768 S.E.2d 622, 625, 239 N.C.App. 287, 290 (N.C. Ct. App. 2015) ("all claims concerning the processing and handling of a workers' compensation claim are within the exclusive jurisdiction of the Industrial Commission, whether the alleged conduct is intentional or not.").

Finally, Plaintiff seeks the appointment of counsel to assist him with this lawsuit. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances, and therefore, his Motion will be denied.

---

his tort claim and denial of worker's compensation benefits as barred by Rooker-Feldman).

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [Doc. 12] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 25, 2020

Martin Reidinger
Chief United States District Judge